Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Timms;<br><br>         Plaintiff,<br><br>v.<br><br>AFNI, Inc.,<br><br>         Defendant. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter "FDCPA").  Plaintiff seeks an award of statutory damages, court costs and attorney's fees.

### II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## IV. PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).
11. Defendant AFNI, Inc. is an Illinois corporation doing business within the state of Arizona.
12. AFNI is licensed as a collection agency by the Arizona Department of Financial Institutions, license #0904179.
13. AFNI collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, AFNI collects or attempts to collect debts it has purchased after default.
15. AFNI is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## V. FACTUAL ALLEGATIONS

16. Prior to 2002, Plaintiff opened a cellular phone account with T-Mobile.
17. The T-Mobile phones were used for personal, family, and household purposes.
18. Plaintiff subsequently defaulted on the T-Mobile account in or about 2002.

19. T-Mobile sold or assigned the account to AFNI for collection purposes.
20. On or about November 11, 2008, AFNI mailed Plaintiff a letter in an attempt to collect on the T-Mobile account. (A copy of the November 11, 2008 letter is attached hereto as Exhibit A).
21. Within 30 days of Plaintiff's receipt of the November 11, 2008 letter, Plaintiff sent AFNI a letter disputing the debt and/or stating that she refused to pay the alleged debt.
22. On November 22, 2008, AFNI responded to Plaintiff's dispute letter stating that it had investigated her dispute, and "Based upon the investigation this account has been closed." (A copy of the November 22, 2008 letter is attached hereto as Exhibit B).
23. On or about February 20, 2010, AFNI sent Plaintiff another letter in an attempt to collect the T-Mobile account. (A copy of the February 20, 2010 letter is attached hereto as Exhibit C).
24. This is the first written communication from AFNI to Plaintiff since its November 22, 2008 letter.
25. On March 10, 2010, Plaintiff sent AFNI another letter disputing the T-Mobile debt, and stating that she refused to pay the debt. (A copy of this March 10, 2010 letter is attached hereto as Exhibit D).
26. AFNI received the March 10, 2010 letter on March 15, 2010.
27. AFNI sent Plaintiff another letter dated March 24, 2010 in an attempt to collect the T-Mobile debt. (A copy of the March 24, 2010 letter is attached hereto as Exhibit E).
28. Exhibit E was mailed well after AFNI's receipt of Plaintiff's letter stating she refused to pay the debt.

1  29.   Defendant's actions as set forth herein were intentional, willful, and in
2         gross or reckless disregard of Plaintiff's rights and part of its persistent
3         and routine practice of debt collection.
4  30.   In the alternative, Defendant's actions were negligent.

## VI.  Causes of Action

### a.  Fair Debt Collection Practices Act

7  31.   Plaintiff repeats, realleges, and incorporates by reference the foregoing
8         paragraphs.
9  32.   Defendant's violations of the FDCPA include, but are not necessarily
10        limited to, 15 U.S.C. §§ 1692c(c), 1692e, 1692e(10), and 1692g.

## VII.  DEMAND FOR JURY TRIAL

12  Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  PRAYER FOR RELIEF

14  WHEREFORE, Plaintiff requests that judgment be entered against
15  Defendant for:
16   a)   Statutory damages of $1,000 against each Defendant pursuant to
17        FDCPA § 1692k;
18   b)   Actual damages in an amount to be determined at trial;
19   c)   Costs and reasonable attorney's fees pursuant to §1692k; and
20   d)   Such other relief as may be just and proper.
21  / / /
22  / / /

DATED   April 14, 2010  .

   s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

- 6 -